UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM A. ESTRADA,

        Petitioner,

vs.                                    Case No. 3:10-cv-896-J-37TEM

SECRETARY, DOC, et al.,

        Respondents.

## ORDER

### STATUS

On October 1, 2010, Petitioner William A. Estrada filed a *pro se* Petition for Writ of Habeas Corpus (Petition) (Doc. #1). He challenges his 2007 placement on Close Management confinement (CM). Respondents filed a Response to Petition for Writ of Habeas Corpus (Response) (Doc. #8) with an Appendix on April 25, 2011.[1] Petitioner filed a Reply to Respondents' Response to Petition for Writ of Habeas Corpus (Reply) (Doc. #11). See Order (Doc. #7). He also filed a Supplement (Doc. #15) and an Initial Brief (Doc. #17). Respondents concede that the Petition is timely filed. Response at 8. Upon review, no evidentiary proceedings are required in this Court.

---

[1] The Court hereinafter refers to the Exhibits contained in the Appendix as "Ex." The page numbers referenced in this opinion are the Appendix stamp numbers at the bottom of each page of the Appendix.

**STANDARD OF REVIEW**

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to the factual determinations of both trial and appellate courts. See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

**EXHAUSTION AND PROCEDURAL DEFAULT**

Respondents contend that Petitioner has not exhausted his state court remedies with regard to his requested relief concerning disciplinary reports received while on CM. Response at 8.

Petitioner, in his Reply, requests that the Court strike the requested relief regarding the removal of any disciplinary reports received while he was on CM. Reply at 2. In light of Petitioner's request, the requested relief concerning disciplinary reports received while on CM is stricken.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Double Jeopardy**

Petitioner raises a double jeopardy claim, asserting that double jeopardy principles were violated when Petitioner received "[a] second punishment from a previous commitment[.]" Petition at 5. In essence, Petitioner claims that Respondents have considered his conduct and behavior during a previous period of incarceration in placing him on CM status when he returned to the Florida Department of Corrections under a new commitment and sentence.

The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977). The Double Jeopardy Clause was not meant to inhibit prison custody decisions utilized to maintain institutional order and encourage compliance with prison rules. Placement on CM for reasons of security or the order and effective management of the institution is not so punitive as to amount to a

"criminal punishment." See Hudson v. United States, 522 U.S. 93 (1997).

As noted by Respondents, Petitioner's reliance on the Double Jeopardy Clause is unfounded because prison custody classification decisions are administrative, non-judicial proceedings of a civil nature. They are not in purpose or in fact a punishment within the scope of the Double Jeopardy Clause. Therefore, Petitioner has failed to state a claim upon which relief can be granted, and Respondents request that this ground be dismissed is due to be granted. See Response at 15-16.

In the alternative, AEDPA deference should be given to the decision of the state courts denying the double jeopardy claim. A double jeopardy claim was presented in a Petition for Writ of Habeas Corpus filed in the circuit court. Ex. at 47-55. The petition was dismissed, finding Petitioner was not entitled to habeas relief. Id. at 45-46. In his Petition for Writ of Certiorari filed in the First District Court of Appeal, Petitioner asserted a double jeopardy violation. Ex. at 31-38. The First District Court of Appeal per curiam denied the petition on its merits. See First District Court of Appeal Opinion, filed August 4, 2010, attached to the Petition.

The state courts' adjudications of this claim were not contrary to or an unreasonable application of clearly established federal law, and did not involve an unreasonable determination of

the facts in light of the evidence. Accordingly, Petitioner is not entitled to habeas relief on the basis of the double jeopardy claim.

**Cruel and Unusual Punishment & False Imprisonment**

Petitioner, in his Reply, has attempted to add a false imprisonment claim. Reply at 5. This claim is unexhausted and procedurally defaulted. In addition, Petitioner has failed to adequately state an Eighth Amendment violation or present a constitutional claim of false imprisonment.[2] To the extent Petitioner is complaining about the conditions of his confinement, he may raise those claims in a civil rights action pursuant to 42 U.S.C. § 1983.

**Due Process of Law**

In Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 13 (11th Cir. 2010) (per curiam), the Eleventh Circuit addressed a claim of violation of due process rights with regard to an inmate's placement in disciplinary or administrative confinement:

> The Due Process Clause protects against deprivations of "life, liberty, or property,

---

[2] As noted by Petitioner, he was returned to the Florida Department of Corrections with a new sentence and a new commitment. Petition at 3. See Corrections Offender Network, Inmate Population Information Detail: http://www.dc.state.fl.us/ActiveInmates. Petitioner has not alleged that he was unconstitutionally convicted of the underlying offense. In his state Petition for Writ of Habeas Corpus, he claimed detention beyond the termination of his sentence amounting to cruel and unusual punishment. Ex. at 52. There is no evidence before the Court showing that Petitioner is being detained beyond his sentence.

- 5 -

without due process of law." U.S. Const. Amend. XIV. The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," but "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)." Wilkinson v. Austin, 545 U.S. 209, 221-22, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). Pursuant to Sandin, due process is required before an inmate may be deprived of a state-created benefit if the deprivation of that benefit "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484, 115 S.Ct. 2293.

The Florida Administrative Code provides that inmates are subject to administrative and disciplinary confinement only in certain circumstances. See Fla.Adm.C. 33-602.220, 33-602.222. "After Sandin, ... the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." Wilkinson, 545 U.S. at 223, 125 S.Ct. 2384 (quotation omitted).

Petitioner's remaining claim of denial of due process of law in violation of the Fourteenth Amendment to the United States Constitution is addressed applying the deferential standard for federal court review of state court adjudications.[3] Petitioner

---

[3] The due process claim exhausted in the state courts concerned Petitioner's placement on CM upon his return to prison. Therefore, the Court will address the due process claim in this light. To the extent that Petitioner's current claims extend beyond the due process claim presented to the state courts, the

claimed a denial of due process of law in his Petition for Writ of Habeas Corpus filed in the circuit court, Ex. 47-55, as well as in his Petition for Writ of Certiorari filed in the First District Court of Appeal. Id. at 31-38. The state courts rejected the due process claim. Thus, it is clear that, in this case, the state courts adjudicated Petitioner's remaining due process claim on the merits, and thus, there are qualifying state court decisions.

It is clear that the decisions of the state trial and appellate courts in denying the petitions did not result in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court and did not result in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to relief on his remaining claim of denial of due process of law.

Alternatively, Respondents assert that Petitioner's Fourteenth Amendment claim of denial of due process of law should be dismissed for failure to state a claim upon which relief can be granted. Response at 15. It is important to note that liberty interests protected by the Fourteenth Amendment may arise either from the Constitution itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983) (however the Supreme Court expressly abandoned the

---

claims are unexhausted and will not be addressed by the Court.

Hewitt mandatory language methodology in Sandin v. Conner, 515 U.S. 472 (1995)). To assert a state-created entitlement to a liberty interest, a party must show the state placed substantive limitations on official discretion. Barfield v. Brierton, 883 F.2d 923, 935 (11th Cir. 1989); Garcia-Mir v. Meese, 788 F.2d 1446, 1450 (11th Cir.), cert. denied, Ferrer-Mazorra v. Meese, 479 U.S. 889 (1986). However, the United States Supreme Court, in Sandin v. Conner, 515 U.S. 472, 484 (1995), stated that while States may under certain circumstances create liberty interests which are protected by the Due Process Clause, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Any due process claim based upon Petitioner's placement on CM does not rise to the level of a constitutional violation. Sandin v. Conner, 515 U.S. 472 (1995). See Response at 10-15. Indeed, "his confinement in administrative segregation does not unexpectedly exceed his sentence in a manner that would evoke the protections [of] the Due Process Clause." Al-Amin v. Donald, 165 F. App'x 733, 738 (11th Cir. 2006) (per curiam). Petitioner has not alleged any facts that would lead the Court to conclude that his placement on CM imposed any atypical or significant hardship on

him in relation to the ordinary incidents of prison life.[4]  The decision where to house an inmate is certainly at the core of prison administrators' expertise.  Meachum v. Fano, 427 U.S. 215, 225 (1976); but see Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005) (finding Ohio prisoners had state-created liberty interest pursuant to the Fourteenth Amendment in avoiding assignment to a "supermax" prison where almost all human contact is prohibited, conversation is not permitted, lights are kept on twenty-four hours per day, confinement is indefinite, and inmates confined therein are disqualified for parole consideration and provided only limited in-door exercise).  Thus, Petitioner's claim of a violation of due process of law is without merit.

## CERTIFICATE OF APPEALABILITY

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted.  See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this

---

[4] In October 30, 2007, institutional staff provided Petitioner with notice and an opportunity to be heard concerning his referral for assignment to CM.  Petition at 9; Ex. at 10.  Although initially placed on CMIII (the least restrictive of the three CM levels) in October of 2007, see Response at 2-3, staff reassigned Petitioner to CMI (the most restrictive of the three CM levels).  Id. at 6.  In addition to a history of threats to staff and aggressive actions, Ex. at 13, 29, Petitioner received disciplinary reports while confined in CM.  See Petition at 10-11; Response at 9-10.

substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED,** and this action is **DISMISSED WITH PREJUDICE.**

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of October, 2013.

ROY B. DALTON, JR.
United States District Judge

sa 9/27
c:
William A. Estrada
Counsel of Record